IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACQAUS L. MARTIN, | )<br>) |
| Plaintiff, | )  4:03cv3130<br>) |
| vs. | )  MEMORANDUM AND ORDER<br>) |
| OTHA SERRELL, et al., | )<br>) |
| Defendants. | ) |

This matter is before the court on the Notice of Appeal (filing no. 104) and Motion to Proceed In Forma Pauperis on appeal (filing no. 105) filed by the plaintiff, JacQaus L. Martin. The plaintiff appeals filing no. 103, a Memorandum and Order dated May 23, 2005, in which the court granted the plaintiff's motions to view a videotape; found that the plaintiff had exhausted his administrative remedies; granted the plaintiff another opportunity to attempt service of process on the defendants in their individual capacity; and gave the plaintiff until July 25, 2005 to respond to the defendants' Motion for Summary Judgment.

Because the plaintiff previously received leave to proceed IFP in the district court, Fed. R. App. P. 24(a)(3) would ordinarily continue IFP status on appeal.[1] However, 28 U.S.C. § 1915(a)(3) states: "An appeal may not be taken in forma pauperis if the trial court

---

[1] Fed. R. App. P. 24(a)(3) states:

(a) Leave to Proceed in Forma Pauperis....
(3) Prior Approval.  A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis.  In that event, the district court must state in writing its reasons for the certification or finding.

certifies in writing that it is not taken in good faith." Accord Henderson v. Norris, 129 F.3d 481, 485 (8th Cir. 1997). Having considered the record in this action, the court certifies that the appeal is frivolous and is not taken in good faith.[2] The plaintiff wishes to take an interlocutory appeal of a decision in which he essentially prevailed on all issues addressed by the court.

In addition, the plaintiff is a prisoner who is subject to the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915(g) (the "three-strikes" provision), states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As the "three strikes" provision applies to the plaintiff, and as this appeal does not meet the exception for "imminent danger of serious physical injury," 28 U.S.C. § 1915(g), the plaintiff is not entitled to proceed IFP on appeal.

However, if a district court determines that an appeal is not taken in good faith or that the individual is not otherwise entitled to pauper status, the Clerk of Court must serve notice of the district court's decision on the parties and the Court of Appeals. Fed. R. App. P. 24(a)(4). The appellant then has 30 days, following service of the Clerk's notice, to file a motion in the Court of Appeals for leave to proceed IFP on appeal. Fed. R. App. P.

---

[2] See Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (holding that "good faith" for purposes of 28 U.S.C. § 1915 is the "common legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit").

24(a)(5). Such a motion in the Court of Appeals must be accompanied by a copy of the affidavit filed in the district court, or by a new affidavit if none was previously filed, and by a copy of the statement of reasons given by the district court for denial of IFP status on appeal. Id.

THEREFORE, IT IS ORDERED:

1. That the deadline for submission by the plaintiff of a response to the defendants' Motion for Summary Judgment and for the plaintiff's submission of a Motion for Summary Judgment of his own continues to be July 25, 2005, and this appeal will not extend that deadline;

2. That filing no. 105, the plaintiff's Motion to Proceed In Forma Pauperis on appeal, is denied, but, pursuant to Fed. R. App. P. 24(a)(5), the plaintiff has 30 days after service of this Memorandum and Order to file a similar motion with the Eighth Circuit Court of Appeals; and

3. That, pursuant to Fed. R. App. P. 24(a)(4), the Clerk of Court shall send a copy of this Memorandum and Order to the parties and the Eighth Circuit as notice that the plaintiff has been denied IFP status on appeal.

DATED this 6th day of June, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge