IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JACQAUS L. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:03cv3130 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| UNKNOWN SERRELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on (1) filing no. 96, the defendants' Motion to Dismiss; (2) filing nos. 109 and 117, the plaintiff's Motions to Extend Deadline for Service of Process; (3) filing no. 131, the Motion to Dismiss filed by defendants-Britten and Hopkins; and (4) filing no. 133, the Motion to Dismiss filed by defendants-Rohlander and Anson.  The plaintiff, JacQaus L. Martin, is a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"), and the defendants are present or former employees of DCS.

The plaintiff properly served the defendants in their official capacity, but he needed additional time to accomplish service of process on the defendants in their individual capacity.  The court granted the plaintiff an extension of time in which to effect service of process.  However, the Clerk of Court inadvertently delayed sending the necessary paperwork to the plaintiff.  As a result, the plaintiff requested additional extensions of time to effect service (filing nos. 109 and 117).  The delays were not the plaintiff's fault, and filing nos. 109 and 117 are granted nunc pro tunc.

After the plaintiff received the paperwork from the Clerk of Court, he promptly completed the papers and returned them to the court so that the Clerk could issue summonses for service of process by the U.S. Marshal.  Filing nos. 125, 126, 127 and 130

indicate that service of process on defendants-Hopkins, Britten, Rohlander and Ansen, in their individual capacity, has been accomplished. Therefore, those defendants will not be dismissed from this litigation, and filing nos. 96, 131 and 132 are denied as to those defendants in their individual capacity.

On the other hand, filing nos. 119, 120, 121, 122, 123 and 124 indicate that defendants-Serrell (or Serrel), Lemar, Thompson, Wilson, Behering and Tomek are no longer employed by DCS, and the Marshal could not serve them. Therefore, filing no. 96 is granted insofar as those defendants, in their individual capacity, are dismissed from this litigation. See Fed. R. Civ. P. 4(m) (time limits for service of process).

Because the court has granted the plaintiff considerable latitude in effecting service of process on the individual-capacity defendants, it will be necessary to extend the deadline previously established in the court's Progression Order (filing no. 76) for dispositive motions. Presently, the plaintiff and defendants-Clapper and Crosby have pending motions for summary judgment (filing nos. 100 and 116). If the recently served defendants wish to file their own motions for summary judgment, they may do so by no later than October 14, 2005. The plaintiff may respond to any such motion(s) by November 30, 2005. After November 30, 2005, all summary judgment motions will be deemed submitted.

Insofar as the defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may be granted, the motions are denied. A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests only the legal sufficiency of the plaintiff's complaint if the factual allegations in the complaint are accepted as true. Springdale Educ. Ass'n v. Springdale School Dist., 133

F.3d 649, 651 (8th Cir. 1998).  See also Browning v. Clinton, 292 F.3d 235, 241-42 (D.C. Cir. 2002):  "[W]e accept the plaintiff's factual allegations as true and construe the complaint 'liberally,' 'grant[ing] plaintiff[ ] the benefit of all inferences that can be derived from the facts alleged,' .... At the Rule 12(b)(6) stage, we do not assess 'the truth of what is asserted or determin[e] whether a plaintiff has any evidence to back up what is in the complaint.'"  (Citations omitted.)  Thus, a claim should be liberally construed in the light most favorable to the plaintiff and should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).

On the other hand, the defendants are correct that in their *official* capacity, they are shielded by sovereign immunity from claims for damages.  A suit against a public employee in his or her official capacity is actually a suit against the public employer.  Kentucky v. Graham, 473 U.S. 159, 165 (1985).  Therefore, a claim against a state employee, in his or her official capacity, is in reality a claim against the state itself, as the entity that employs the official.

State sovereign immunity, recognized and preserved by the Eleventh Amendment to the U.S. Constitution, prohibits a plaintiff from suing a state, state agency or state employee in the employee's official capacity, except insofar as the state or the Congress of the United States has abrogated the state's sovereign immunity.  See, e.g., Morstad v. Department of Corrections and Rehabilitation, 147 F.3d 741, 744 (8th Cir. 1998):  "[A]bsent a waiver, the Eleventh Amendment immunizes the state and its officials from § 1983 liability."  No such waiver applies to this case.  See also Burk v. Beene, 948 F.2d 489, 492-93 (8th Cir. 1991):  "Eleventh Amendment jurisprudence is well-settled: 'a suit by private

parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'..." (Citations omitted.)

THEREFORE, IT IS ORDERED:

1. That filing no. 96, the defendants' Motion to Dismiss, is granted in part and denied in part, as follows:

   a. Filing no. 96 is denied as to defendants-Hopkins, Britten, Rohlander and Ansen;

   b. Filing no. 96 is granted as to defendants-Serrell (or Serrel), Lemar, Thompson, Wilson, Behering and Tomek, and those defendants, in their *individual* capacity, are dismissed from this litigation;

   c. Filing no. 96 is also granted in that damages may not be recovered from the defendants in their *official* capacity;

2. That filing nos. 109 and 117, the plaintiff's Motions to Extend Deadline for Service of Process, are granted nunc pro tunc;

3. That filing nos. 131 and 133, the Motions to Dismiss filed by defendants-Britten, Hopkins, Rohlander and Anson, are denied; and

4. That filing no. 76, the court's Progression Order, is modified to extend the deadline for summary judgment motions until October 14, 2005, with a response deadline of November 30, 2005.

DATED this 23rd day of August, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge